WHITLOCK et al. v. GREENBERG et al.

(Supreme Court, Appellate Term, First Department.  May 26, 1916.)

1. INSURANCE ⊂⇒94—ACT OF AGENT—RATIFICATION—EVIDENCE.
   Evidence *held* to establish ratification by an insurance company of the act of its broker in employing an attorney to collect a premium.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 124; Dec. Dig. ⊂⇒94.]

2. INSURANCE ⊂⇒186(3)—PREMIUMS—PAYMENT TO AGENT—RATIFICATION.
   Payment to such attorney was payment to the company.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 397; Dec. Dig. ⊂⇒186(3).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Daniel Whitlock and another against Jacob Greenberg and another.  From a judgment in Municipal Court for plaintiffs, defendants appeal.  Reversed, and complaint dismissed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Maurice Millimet, of New York City, for appellants.
Joseph E. Lauber, of New York City, for respondents.

GUY, J.  Defendants appeal from a judgment entered by direction of the court in favor of plaintiffs after a trial without a jury.  Plaintiffs sue as assignees to recover a pro rata premium under a policy of fire insurance issued by the Insurance Company of North America, plaintiffs' alleged assignor, to the defendants, and subsequently canceled.

The insurance was effected through one Hangley, a broker, who testified that it was the custom between himself and the Insurance Company of North America for the company to charge him with the amount of the premium and have him collect from the insured; that he was "the medium of collection." Hangley employed one Robinson, an attorney, to collect the claim, and defendants paid the claim in full to said attorney, who, after deducting his charge of 25 per cent. for collection, forwarded the amount to plaintiffs' assignor, the Insurance Company of North America, which refused to accept payment.

[1, 2]  The plaintiffs on the trial contended that Hangley had not been authorized to employ an attorney in collecting claims, and there was no direct proof of such an authorization.  Hangley, however, tes-

tified that, after placing the claim in Robinson's hands, he sent Robinson to the insurance company's office in the same building, and Robinson there obtained the data to make up the claim. Another witness, who was formerly in the office of Attorney Robinson, testified that he waited upon one of the plaintiffs, who at the time were the legal representatives of the insurance company, told him that Robinson had collected the claim against defendants, and was told by said plaintiff that they would accept a check of Robinson for the amount of the premium less his charges for collection.

The evidence establishes ratification of the broker's act in employing Robinson to collect, and defendants' payment to Robinson must be deemed a payment to plaintiffs' assignor, the insurance company.

The judgment must therefore be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.